WEEKS, Appellant, v. LEE, Respondent.

WEEKS, Respondent, v. LEE Appellant.

(Cross-Appeals.)

(175 N. W. 355.)

(File No. 4585, 4599.   Opinion filed December 16, 1919.)

1. **Sales—Sale of Alleged Pure-bred, Registered, Bull, With Pedigree, Delay Re Furnishing Pedigree, Effect Re Registration, Value, of Bred Calves, of Purchased Bull—Non-receipt of Evidence Re Value of Bull, Calves, Allowing Damages Re Delay in Registering Calves, Effect—Granting New Trial, Wrong Ground, Effect.**

    Plaintiff purchased of defendant a pure-bred, registered, short-horn, Durham bull, defendant agreeing to furnish plaintiff a pedigree showing proper registry of bull, plaintiff being owner of a herd of said breed of cows.   Defendant delayed for some twenty months delivery of the pedigree, then informed plaintiff he could not furnish it; plaintiff having during preceding season bred a dozen or more pure-bred cows to said bull, and several more during the present season, resulting in some sixteen calves which, without such pedigree, could not be registered and which without registration had no more value than and could be sold only as "grades." About two and one-half years after the sale defendant delivered the pedigree showing due registry of the bull; which entitled calves to registration, but owing to their then being over one year old, cost of registration was increased $9. per head.   Plaintiff also claimed that, without the pedigree, the bull was not worth more than $75 when purchased, he having paid $250, and that he was damaged in the difference between his value if registered when purchased, and his value at that time if not registered.   Trial court refused evidence of damage on account of value of bull or the calves, but, by defendant's consent, allowed plaintiff $45 as damages for delay in registering the calves until after yearlings; and granted new trial on sole ground that plaintiff should have been allowed the difference between value of bull with pedigree, and his value without, but refused to change his ruling re damages on account of difference in value of calves.   **Held,** new trial was properly granted, but upon wrong ground, plaintiff's proof not showing damage on account of bull because pedigree had not been sooner furnished, he having bred as many rows to the bull as if pedigree had been timely delivered, and plaintiff, expecting pedigree would be furnished, treated and used the bull accordingly; yet plaintiff was damaged on account of calves because of delay in delivery of pedigree.

2. **Same—Sale of Short-horn Bull With Pedigree—Delay Re Furnishing Pedigree, Non-misrepresentation, Or Deceit, Effect Re Registration of Calves—Plaintiff's Loss, Source Of—Damages, Measure of Recovery.**

Where, under a sale by defendant to plaintiff of a registered bull, delay in delivery of bull's pedigree within reasonable time as agreed, until after numerous calves were bred from the bull by plaintiff, was not accompanied by misrepresentations or deceit by defendant, and such delay lead plaintiff to dispose of his calves bred from said bull as grades, when in fact they were entitled to registration as pure-breds, while had pedigree been timely furnished they could have been disposed of as rgistered stock, held, plaintiff's loss, if any, was the direct and proximate result of defendant's unreasonable delay in furnishing pedigree and he should pay damage suffered thereby.

3. **Same—Registry of Calves After Yearlings, Extra Cost of, (Resulting from Failure to Deliver Bull's Pedigree, Damages For, Measure of.**

If plaintiff's failure to register various calves so bred until after yearlings was caused by the delay in furnishing bull's pedigree, plaintiff should recover difference between cost of such registration and its cost had pedigree been furnished before they were yearlings.

4. **Appeals—Error—New Trial Properly Granted, But Wrong Ground, Costs on Appeal.**

Where trial court properly granted a new trial, but upon wrong ground, both parties having appealed from the order, Supreme Court will tax costs in favor of plaintiff on his appeal, and deny same re defendant's appeal.

Appeal from Circuit Court, Clay County. Hon. ROBERT B. TRIPP, Judge.

Action by Martin Weeks against A. E. Lee, to recover damages under a contract of sale of a Durham bull, with pedigree of same, by defendant to plaintiff. After judgment for plaintiff, trial court, upon his motion, granted a new trial; from which both parties appeal. Order affirmed, and cause remanded with instructions.

*Bogue & Bogue, and Gunderson & Gunderson,* for Appellant.

*Payne & Olson,* for Respondent.

(1) To point one of the opinion, Appellant cited: Sec. 2293, Civ. Code 1903; Hammer v. Schoenfelder (Wis.), 2 N. W. 565.

Respondent cited: Ruling Case Law, Sec. 27; Howard v. National French Draft Horse Ass'n (Ia), 151 N. W. 1056.

POLLEY J. In this case plaintiff moved for a new trial, basing his motion upon two separate grounds. On the hearing the court made an order granting the motion on one of the grounds specified, but denied it on the other. From this order both parties appeal. The appeals are submitted together, and both will be disposed of in the same opinion.

Plaintiff was engaged in raising pure-bred, registered, short-horn, Durham cattle, which he raised to sell for breeding purposes. In February, 1915, he purchased a bull from defendant which was represented by defendant to be a pure-bred, registered, short-horn, Durham bull, for which plaintiff paid defendant the sum of $250. Defendant agreed, as a part of the transaction, to furnish to plaintiff a pedigree showing that the bull was properly registered. Plaintiff was the owner of a herd of pure-bred, registered, short-horn, Durham cows, and it was the intention of plaintiff to breed said cows to said bull. This fact was known to defendant at the time of the sale, and defendant also knew that plaintiff was raising said cattle to sell for breeding purposes. The bull was killed by accident in June, 1916.

Plaintiff made frequent demands upon the defendant to furnish the bull's pedigree as he had agreed to do. This defendant repeatedly promised to do, until some time in October, 1916, when he informed plaintiff that he could not furnish the pedigree and could do no more about it. During the season of 1915, plaintiff bred some 12 to 15 of his pure-bred cows to said bull and 7 or 8 more in the spring of 1916. The result of such breeding was some 16 or 17 calves; but, without the pedigree of the bull, the calves could not be registered, and, without registration, they had no more value than "grades" and could not be sold except as "grades." On August 15, 1917, defendant procured and sent to plaintiff the pedigree of the bull showing that he had been properly registered. This entitles the calves to registration; but, prior to this time and after defendant had informed plaintiff that he could not furnish the bull's pedigree, plaintiff, believing that the calves could not be registered, sold two of the bull calves as grades for $75 each and had five others castrated. He alleged that, if he had been able to register such calves, they would have been worth $250 apiece; and that, because

of defendant's failure to furnish the pedigree of the bull within a reasonable time after the purchase, he (plaintiff) had been damaged to the extent of the difference in the value of said calves as "grades" and as pure-bred, registered stock. After defendant furnished the pedigree, plaintiff registered such of the calves as had not been sold or castrated; but, by that time, five of said calves were more than a year old, and it cost $9 more apiece to have them registered at that age than it would have cost if they had been registered before they were a year old. Plaintiff alleged that, because of this fact, he was damaged, by the delay in furnishing the bull's pedigree, in the sum of $45. Plaintiff also claims that, without the pedigree, the bull was not worth more than $75 when he purchased him, and that plaintiff had been damaged to the extent of the difference between the actual value of the bull if he had been registered at the time of the purchase and his value at that time if he had not been registered.

On the trial, the court refused to receive any evidence of damage on account of the value of the bull or the calves, but, by consent of the defendant, allowed plaintiff $45 as the amount of damage occasioned by the delay in registering the five calves until they were more than a year old. On motion by plaintiff, the court made an order awarding a new trial, on the sole ground that plaintiff should have been allowed to recover the difference between the value of the bull with the pedigree and his value without such pedigree, but refused to change his ruling relative to damages on account of the difference in the value of the calves.

[1] There was no error in granting a new trial, but it was awarded on the wrong ground. The proof offered by plaintiff did not prove, nor tend to prove, that he had suffered any damage on account of the bull because the pedigree had not been furnished at an earlier date. It is not claimed that plantiff did not breed just as many cows to the bull as he would have done if the pedigree had been delivered at the time of the purchase. Up to the time the bull was killed, plaintiff expected the pedigree would be furnished, and treated the bull and used him, in all respects, asthough the pedigree had actually

been furnished. On the other hand, plaintiff was damaged on account of the calves because of the delay in the delivery of the pedigree of the bull. Defendant relied upon what is said by the Supreme Court of Iowa, in Howard v. National French Draft Horse Ass'n, 169 Iowa 719, 151 N. W. 1056, in support of the trial court. In that case the defendant had sold the plaintiff two mares, which defendant represented to be pure-bred, registered mares. It afterward developed that said pedigree had been forged, and that said mares were not pure-bred, registered mares, but only grades. Plaintiff sued to recover, not only the difference between the value of the mares as they actually were and what their value would have been if they had been as represented, but also to recover on account of the difference in the value of the colts that had been foaled by said mares before it became known that the mares were not what they had been represented to be. That court held that the latter element of damage was too remote to be a ground for recovery. Upon the soundness of this rule we express no opinion. Suffice it to say, the facts in that case were not analogous to the facts in this case.

[2] In this case there was no misrepresentation or deceit practiced by the defendant. He merely neglected to furnish the bull's pedigree within a reasonable time, and such neglect and delay led the plaintiff to dispose of his calves as grades, when, as a matter of fact, said calves were entitled to registration as pure-breds; and, if the pedigree had been furnished within a reasonable time, they could have been disposed of as registered stock. Plaintiff's loss, if any, was the direct and proximate result of defendant's unreasonable delay in furnishing the pedigree, and he should be compelled to pay the damage suffered thereby.

[3] If the failure of plaintiff to register the five calves until after they were more than a year old was caused by the delay in furnishing the pedigree of the bull, plaintiff should receive the difference between what such registration cost and what it would cast if said calves had been registered before they were a year old.

The order granting a new trial is affirmed, and the cause

is remanded for a new trial in conformity with the views expressed in this opinion. Costs will be taxed in favor of plaintiff on his appeal, but no costs will be taxed on defendant's appeal.